# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JALIK PEAY,** | : | **CIVIL ACTION** |
| **v.** | : | |
| **KATHY BRITTAIN, et al.,** | : | **No. 19-5178** |

## ORDER

**AND NOW** this 6th day of October, 2020, upon careful and independent consideration of Jalik Peay's Petition for Writ of Habeas Corpus (Doc. No. 1), the Commonwealth's response in opposition (Doc. No. 13), the Report and Recommendation of U.S. Magistrate Judge Richard A. Lloret, and the Petitioner's Objections to said Report and Recommendation (ECF 16) it is **ORDERED** that:

1. The Report and Recommendation of Magistrate Judge Richard A. Lloret is

    **APPROVED** and **ADOPTED** except as set forth in footnote below;[1]

---

[1] In setting forth the standard for establishing a *Brady* violation, the Magistrate Judge cited to *Commonwealth v. Peay*, 2018 WL 4572026 at *1 (Pa. Super. Sept. 25, 2018) in which the Pennsylvania Superior Court noted that "there is no *Brady* violation when [the defendant] knew or, with reasonable diligence, could have uncovered the evidence in question." R & R p. 12-13.  In doing so *Peay* cited to a 2015 opinion of the Pennsylvania Supreme Court, *Commonwealth v. Treiber*, 121 A.3d 435, 460- 61 (Pa. 2015).  However, in 2016, the Third Circuit in *Dennis v. Sec'y*, 834 F.3d 263 (3d Cir. 2016), moved away from any previous suggestion that defense counsel had an obligation to exercise due diligence to excuse the government's non-disclosure of material exculpatory evidence definitively "rejecting that concept as an unwarranted dilution of *Brady*'s clear mandate." *Id.* at 293.  Hence, the magistrate's citation to that concept is rejected.  However, given that the Petitioner's *Brady* argument is premised on the Commonwealth's failure to produce exculpatory evidence and not on whether his counsel exercised due diligence in uncovering that evidence, *Dennis*'s holding has no implication here.

2. Peay's Petition for Writ of Habeas Corpus is **DENIED** and **DISMISSED** with prejudice by separate Judgment, filed contemporaneously with this Order. *See* Federal Rule of Civil Procedure 58(a); Rules Governing Section 2254 Cases in the United States District Courts, Rule 12;

3. No certificate of appealability shall issue under 28 U.S.C. § 2253(c)(1)(A) because "the applicant has [not] made a substantial showing of the denial of a constitutional right[,]" under 28 U.S.C. § 2253(c)(2), since he has not demonstrated that "reasonable jurists" would find my "assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see United States v. Cepero*, 224 F.3d 256, 262-63 (3d Cir. 2000), *abrogated on other grounds by Gonzalez v. Thaler*, 565 U.S. 134 (2012); and,

4. The Clerk of Court shall mark this file closed.

BY THE COURT:

/s/Wendy Beetlestone, J.

_____

**WENDY BEETLESTONE, J.**